UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JULIE A. HOLLER,

    Plaintiff,

v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

_____)

## COMPLAINT

The Plaintiff, JULIE A. HOLLER ("HOLLER"), by and through her undersigned counsel, hereby sues LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ("LINCOLN"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HOLLER brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. HOLLER was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN is a corporation with its principal place of business in the Commonwealth of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HOLLER by LINCOLN.

6. HOLLER was at all times material an employee of or former employee of Kaleida Health.

7. By way of her employment at Kaleida Health, HOLLER was at all times material a plan participant under the Kaleida Health Group Disability Income Policy, Policy Number GF3-820-094177-01 (the "LTD Policy"), which was issued by LINCOLN to Kaleida Health. It is pursuant to Policy GF3-820-094177-01 to which HOLLER is entitled to benefits. A copy of the LTD Policy as provided by Lincoln has been attached hereto as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINCOLN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Policy, HOLLER is entitled to LTD benefits for the duration of her disability, or until age 65, so long as she remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

> **"Disability"** or **"Disabled"** means:
>
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
>    i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of her Own Occupation; and
>    ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

13. Since approximately March 15, 2020, HOLLER has been disabled under the terms of the LTD Policy.

14. After becoming disabled, HOLLER made a timely claim to LINCOLN under the LTD Policy for disability benefits.

15. LINCOLN has never approved or paid benefits under the LTD Policy.

16. By letter dated September 30, 2020, LINCOLN denied HOLLER's claim for LTD benefits, contending that HOLLER did not meet the LTD Policy's definition of disability.

17. HOLLER timely and properly appealed LINCOLN's September 30, 2020 denial letter.

18. By letter dated July 2, 2021, LINCOLN affirmed its previous decision to deny HOLLER's LTD claim for disability benefits and informed HOLLER that her administrative remedies had been exhausted.

19. At all relevant times, HOLLER complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

20. At all relevant times, as a result of an Injury or Sickness, HOLLER has been unable to perform the Material and Substantial Duties of her Own Occupation.

21. At all relevant times, HOLLER been unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation, as such is defined by the policy, that exists in the locations defined by the policy.

22. At all relevant times, HOLLER has been under the regular care of a doctor.

23. At all relevant times, HOLLER was a Covered Person under the LTD Policy.

24. From September 11, 2020 (when benefits were due to begin) through the present date, HOLLER has not received benefits owed to her under the LTD Policy, despite HOLLER's right to these benefits.

25. LINCOLN has refused to pay HOLLER's claim for LTD benefits under the LTD Policy.

26. At all relevant times, LINCOLN was the payer of benefits.

27. At all relevant times, LINCOLN was the "Insurance Company" identified throughout the LTD Policy.

28. At all relevant times, LINCOLN was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

29. At all relevant times, HOLLER has been and remains Disabled and entitled to LTD benefits from LINCOLN under the terms of the LTD Policy.

30. HOLLER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. HOLLER incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), HOLLER, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

34. HOLLER has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINCOLN's failure to pay her disability benefits.

35. HOLLER has exhausted all administrative remedies under the LTD Policy.

36. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to HOLLER at a time when LINCOLN knew, or should have known, that HOLLER was entitled to those benefits under the terms of the LTD Policy, as HOLLER was disabled and unable to work and therefore entitled to benefits.

      (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of HOLLER's claim for LTD benefits;

      (c)    After HOLLER's claim was terminated in whole or in part, LINCOLN failed to adequately describe to HOLLER any additional material or information necessary for HOLLER to perfect her claim, along with an explanation of why such material is or was necessary.

      (d)    LINCOLN failed to properly and adequately investigate the merits of HOLLER's disability claim and failed to provide a full and fair review of HOLLER's claim.

37. HOLLER believes and thereon alleges that LINCOLN wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which HOLLER is presently unaware, but which may be discovered in this future litigation and which HOLLER will immediately make LINCOLN aware of once said acts or omissions are discovered by HOLLER.

38. Following the termination of benefits under the LTD Policy, HOLLER exhausted all administrative remedies required under ERISA and HOLLER has performed all duties and obligations on her part to be performed under the LTD Policy.

39. As a proximate result of the aforementioned wrongful conduct of LINCOLN, HOLLER has damages for loss of disability benefits in a total sum to be shown at

the time of trial.

40. As a further direct and proximate result of this improper determination regarding HOLLER's claim for benefits, HOLLER, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HOLLER is entitled to have such fees and costs paid by LINCOLN.

41. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, HOLLER is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, JULIE A. HOLLER prays for relief against LINCOLN LIFE ASSURANCE COMPANY OF BOSTON as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 27, 2021

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com